NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ELIZABETH C. LOEW, PETITIONER, v. HAHNE & COMPANY,
A CORPORATION, AND LIBERTY MUTUAL INSURANCE
CO., RESPONDENT.

Decided June 27. 1942.

For the petitioner, *Mortimer Katz* (*David Roskein,* of counsel).

For the respondent, *John W. Taylor* (by *Richard H. Tunsted*).

\*　　\*　　\*　　\*　　\*　　\*　　\*

From the testimony adduced, it appears that on January 12th, 1942, the petitioner, during the course of her employment on the top floor of the respondent's building, was struck on her head by particles of glass that fell from a skylight which formed a part of the same building. The petitioner's testimony indicates that she had left the washroom and was on her way to her desk when she was struck by glass from the skylight overhead. She received first aid at the store and thereafter taken to St. Barnabas Hospital and treated by Dr. Baxter Clement. A skin graft was performed and a piece of skin was removed from her right thigh and transplanted on her forehead at the site of the injury.

The petitioner's present complaints consist, *inter alia,* of a numbness over the area from which the skin was taken for the graft, of headaches over the region of her left eye, twitch-

ing of the left eye, occasional nervousness, some restlessness and the cosmetic effects of the scar itself.

Dr. Max Kummel testified on behalf of the petitioner. He had examined the petitioner twice, the last time on May 13th, 1942. He estimated the petitioner's orthopedic disability and recommended a neurological examination. This was done by Dr. Samuel Hirschberg and revealed hyper-activity of the biceps and knee jerks and hyper-active tendo-achilles reflexes. The left lower eyelid showed a blephoro spasm. There were moderate tremors of the extended fingers, tremors of the tongue and segmentary hypaesthesia in certain areas about the body. The corneal reflexes were reduced, more so on the right. These were in addition to his finding of the scar in the left frontal region of her skull. It was his opinion that the petitioner had sustained cerebral concussion with a resulting traumatic neurosis, which together with her disfigurement entitles her to a disability of 17% of total.

The respondent produced two employees of the respondent; one, a George Turner, maintenance man, who described the structural plan of the respondent's building and the adjacent 14-story building. He described the location of the broken skylight in relation to the adjoining building. He came on the scene of the accident shortly after it occurred and he testified that he found particles of glass from the skylight on the fourth floor of the respondent's building directly below the aperture in the skylight and he also found mixed with glass from the skylight pieces of a Coca Cola bottle. He described the skylight as having no screen either over it to protect it from missiles which might penetrate the skylight, nor was there any protection under the skylight to catch any foreign objects which might pass through the skylight. Furthermore, there was no wire interwoven in the said glass skylight to prevent it from breaking.

Dr. Baxter Clement testified on behalf of the respondent in respect to the skin graft at the St. Barnabas Hospital. His objective findings included those of a definite and visible scar on the forehead, change in color and texture from the skin surrounding the scarred area. He found no disability orthopedically and was unable to make an estimate of disa-

bility which would result from the cosmetic defect caused by the scar. Dr. Jack Blumberg testified on behalf of the respondent and it was his opinion that the petitioner was suffering from a disability of a neurological nature of 5% to 7½% of total.

The essence of the respondent's defense was that the accident did not arise out of the petitioner's employment and that the accident was in fact due to some intervening cause, which could not be foreseeable by the respondent and, therefore, was not a hazard which would impose liability on the respondent. I find no merit in the respondent's contention for the following reasons: Firstly, I cannot draw an inference from the fact that pieces of a Coca Cola bottle were found among particles of glass from the skylight that a Coca Cola bottle was precipitated through the skylight and hit the petitioner. No proof was offered of anyone having thrown a bottle from outside the building. It is clear that under the Workmen's Compensation Act an employer or insurance company, attempting to ascribe the disability of an employee to some cause other than a compensable accident, has the burden of such proof. *Quinn* v. *Henry Becker & Son,* 19 *N. J. Mis. R.* 508; 21 *Atl. Rep.* (2d) 617; *Krov* v. *Centour Construction Co.,* 18 *N. J. Mis. R.* 593; 15 *Atl. Rep.* (2d) 619. Nor does it appear to me that such a fact if proven would have relieved the employer of statutory liability. *Geltman* v. *Reliable Linen,* 128 *N. J. L.* 443; 25 *Atl. Rep.* (2d) 894. Secondly, the petitioner was in a place, where she reasonably had a right to be, during the course of her employment with the respondent. There is no question but that the petitioner was on her employer's premises within a few feet of her desk where she had been assigned to work, when she was struck by falling glass from the skylight. Such being the fact as I do find, it seems to me that the respondent had furnished a place with that particular hazard existing for the petitioner to work in. The respondent's testimony indicated that there was no protection on the skylight, so that any employee could be struck by glass from the skylight, in the event it might break. I feel that there was a duty placed upon the respondent to have the skylight protected, so that an employee

such as the petitioner would be safe from any untoward event ·such as did occur. The respondent's own failure of duty appears to be a causative factor in the petitioner's disability. Thirdly, by reason of the fact that the petitioner was struck by the glass from the skylight taken in conjunction with the second reason above stated, it does not seem unreasonable that the respondent should have foreseen the occurrence of an accident as it did take place. *Geltman* v. *Reliable Linen Supply Co., supra.* "And such a risk may be either an ordinary one, or directly connected with the employment, or one extraordinary in character, indirectly connected therewith because of its special nature. *Bryant, Adm'x,* v. *Fissell, supra.*

"It need not have been foreseen or expected; it suffices if the injury flowed as a rational consequence from a risk connected with the employment. *Hall* v. *Doremus, supra.* * * * The injury 'need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.' *In re McNicol,* 214 *Mass.* 497; 102 *N. E. Rep.* 697; *L. R. A.* 1916A, 306.

"* * * In inquiring whether or not an injury by accident in fact arises out of the employment, it surely is unnecessary to ask whether such a thing has ever happened before or is likely to happen again within, say, a hundred years, or, for that matter, for ever. It may happen, and has happened, and it has happened because the poor man was a schoolmaster. The event has proved that it arose out of his employment."

*Foley* v. *Home Rubber Co., supra,* 89 *N. J. L.* 474; 99 *Atl. Rep.* 626. "The risk is inherent in the employment itself. The manner in which the accident is brought about is not at all of the essence of the matter; the vital question always being: Was the accident connected with the employment? If it was, then it arose out of the employment, provided it occurred in the course of the employment."

*Dennis* v. *White (A. J.) Co.* (1916), 2 *K. B. Div.* 1; 10 *B. W. C. C.* 280. "* * * There is nothing in the act about any necessity for showing that the employment involves an extra or special risk, and once it is clear, as it is in the present case, that the accident was the result of a risk reason-

ably incident to the performance of the servant's work, all injury as to the frequency or magnitude of the risk is irrelevant."

Therefore, I find that the petitioner did sustain an accident arising out of and in the course of her employment with the respondent. I have had opportunity to observe the petitioner when she appeared in court before me, as well as carefully consider the testimony adduced. I do not feel that there is much conflict in the medical testimony in this case. After considering all of same, I find that in addition to the cosmetic defects which are responsible to some extent for the traumatic neurosis, which is admittedly present, the petitioner has a disability to her right lower extremity, which while not manifesting any functional loss has produced certain structural changes and has resulted in certain symptoms which are of a disabling nature. I fix the petitioner's disability as a physiological unit at 12½% of partial permanent total.

\*       \*       \*       \*       \*       \*       \*

It is, therefore, \* \* \* ordered that judgment be and the same is hereby entered in favor of the petitioner and against the respondent in accordance with the above.

HARRY S. MEDINETS,
*Deputy Commissioner.*